IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO ANDRES GARCIA, #01052874 | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv142 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Antonio Andres Garcia, a prisoner currently confined within the Texas Department of Criminal Justice (TDCJ), filed this habeas action challenging a disciplinary proceeding. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that the petition be denied, the case dismissed with prejudice, and that Petitioner Garcia be denied a certificate of appealability *sua sponte*.

**I. Petitioner Garcia's Petition**

While difficult to decipher, Garcia challenges a prison disciplinary proceeding wherein he was charged with "possession of food" in violation of prison rules, (Dkt. #1). He also mentions "possession of alcoholic beverage," and notes that he lost good credit time and received a "reduction in line class." Garcia insists that the prison disciplinary department "imposing such a punishment for possession of food is unlawful & uncon[stitutional]" and that he "committed no wrong." *Id*. at pg. 5.

Garcia further claims that prison officials "obtained [the] conviction under false/fraudulent claims" because he merely possessed fruit, as "it does not say it smelled like alcohol, taste, test

1

positive for [sic]. Just plain fruit." *Id*. at pg. 7. He also insists that prison officials are not following procedures—namely, the "charging officer failed to follow procedure confiscating property [] the bowl & fruit," and that the officer failed to verify "if the fruit was alcoholic beverage or not." Garcia further contends that he would have "asked them to do whatever tests needed to verify if that fruit is alcoholic or not," and that disciplinary officer failed to provide notice, review the evidence, or question officers to see if the fruit smelled or tasted like alcohol.

As for his requested relief, Garcia seeks a removal of this case from his record, reinstatement of all his good time, work time, and line class—"as if the case never took place," (Dkt. #1, pg. 15).

## II. Legal Standards and Analysis

The primary consideration in this case is whether Garcia has stated or presented the denial of a constitutionally protected liberty interest. He has not, and his failure to do so is fatal to his petition. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

The procedural protections of the due process clause are triggered only when there has been a deprivation of life, liberty, or property; because neither Garcia's life nor property interests are at stake—particularly because his chief complaint is that his constitutional rights were violated through the disciplinary infraction—the pertinent question here is "whether he had a liberty interest that the prison action implicated or infringed." *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015); *Richardson v. Joslin*, 501 F.3d 415, 418-19 (5th Cir. 2007).

The Fifth Circuit has held that a variety of prison administrative decisions do not create constitutionally protected liberty interests.  Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger due process protections.  *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  Likewise, the imposition of commissary, and recreation as well as cell restrictions do not implicate due process concerns.  *See Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009) (unpublished); *Gaona v. Erwin*, 224 F. App'x 327, 328 (5th Cir. 2007); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("We agree that Madison's 30[-]day commissary and cell restrictions as punishment are in fact merely changes in the conditions of confinement and do not implicate due process concerns."). An inmate also does not have a protected liberty interest in his custodial classification.  *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Espinoza v. Benoit*, 108 F. App'x 869, 871 (5th Cir. 2004) (finding that close custody confinement "does not constitute an 'atypical and significant hardship … in relation to the ordinary incidents of prison life.'") (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Here, Garcia's punishment consisting of a reduction in line class implicates no constitutional concerns. *See Washington v. Davis*, 792 F. App'x 331, 333 (5th Cir. 2020) (Mem) ("Punishments such as loss of recreation and commissary privileges, cell restriction, solitary confinement, and change in line class do not implicate due process concerns because they do not represent an atypical and significant hardship.") (internal citation omitted). This claim should be dismissed with prejudice. *See Toney*, 779 F.3d at 336 (the procedural protections of the Due Process Clause are triggered only where there has been a deprivation of a constitutionally protected life, liberty, or property interest).

Garcia also complains about his loss of good time credits. Under certain circumstances, the loss of good time could inflict punishment imposing an atypical and significant hardship upon an inmate—because the loss of such time could result in the denial of a liberty interest in early release from prison. This condition exists where an inmate is eligible for release on mandatory supervision. *See Madison*, 104 F.3d at 768.

Here, the Court notes that Garcia is currently serving a cumulative sentence of life imprisonment for a 2000 capital murder offense and a 2001 escape offense. His capital murder conviction renders him ineligible for release onto mandatory supervision. *See* Tex. Govt. Code § 508.149(a)(3); *see also Ex Parte Franks*, 71 S.W.3d 327, 328 (Tex.Crim.App. 2001) (holding that "under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any good conduct time will never add up to life"); *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (per curiam). Consequently, any loss of good-time credits does not implicate due process concerns; Garcia's challenges to his prison disciplinary infraction are without merit and should be dismissed.

**III. Certificate of Appealability**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.*

Although Petitioner has not yet filed a notice of appeal, the court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner

has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious."). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336).

Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 at 140-41).

Here, Garcia failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

Accordingly, it is recommended that Petitioner Garcia's federal habeas corpus petition be denied and the civil action be dismissed, with prejudice. It is further recommended that Garcia be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 7th day of May, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE